THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN BLAIR,

    Plaintiff,

v.

CHEYENNE M. EVERETT, et al.,

    Defendants.

3:22-CV-1577
(JUDGE MARIANI)

## MEMORANDUM OPINION

### I. INTRODUCTION & BACKGROUND

Plaintiff, John Blair, commenced this action in the Court of Common Pleas of Wayne County by filing a Writ of Summons (Doc. 1-2) on September 29, 2022. On October 7, 2022, Defendants, Cheyenne Everett and Penny Henry-Heinle, filed a Notice of Removal seeking to bring this matter into federal court on the basis of diversity jurisdiction. (Doc. 1). In the removal notice, Defendants assert that removal is timely because "[t]hirty days have not elapsed since the service of the Complaint upon the Defendant in state court as Defendants have only been served with a writ of summons." (Doc. 1, ¶ 4).

### II. DISCUSSION

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003) (stating that a "court can raise *sua sponte* subject-matter jurisdiction concerns."). "[T]he burden of

establishing the [existence of subject-matter jurisdiction] rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

The statute governing the procedures for removing a civil case to federal court provides, in part, that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The Third Circuit has made clear that a writ of summons is not an "'initial pleading' that triggers the 30-day period for removal under the first paragraph of 28 U.S.C. § 1446(b)." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005). This "ruling has been interpreted in this District to mean that removal is not proper until a complaint has been served on the defendants." *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 941 F.Supp. 2d 568, 571 (E.D. Pa. 2013) (quotation marks omitted). As such, "the removal of a Writ of Summons alone is premature" because a Court "cannot find in the Writ of Summons a case or controversy sufficient to satisfy the requirements of Article III of the Constitution and statutes and rules establishing [a federal court's] jurisdiction." *Gervel v. L & J Talent*, 805 F.Supp. 308, 309 n.4 (E.D. Pa. 1992).

Here, Defendants have sought to remove a writ of summons, not a complaint. (Doc. 1; Doc. 1-2). Indeed, Defendants' assertion that their removal is timely is premised on Plaintiff having not yet filed, and therefore served them with, a complaint in the state court. Without a complaint, Defendants are unable to establish that this Court has subject matter

jurisdiction. *See Gervel*, 805 F.Supp. at 309 n.4. Accordingly, because Defendants' removal notice is premature, the Court will remand this matter to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 941 F. Supp. 2d at 571 (finding remand appropriate even when "it appears likely that once complaints have been filed the state-court actions will be removable").

### III. CONCLUSION

For the reasons outlined above, this Court will remand this matter to Court of Common Pleas of Wayne County. This ruling, however, will be without prejudice to Defendants' right to remove the action, if appropriate, after Plaintiff has filed a complaint in state court. A separate Order follows.

Robert D. Mariani
United States District Judge

3